## (May 19, 1959)

■ In the Matter of the Accounting of A. LOEB SALKIN, Respondent, as Trustee of the Trust Created by THEODORE LIPIN, Appellant. THEODORE LIPIN, Appellant, v. A. LOEB SALKIN et al., Respondents.— Order denying a discovery and inspection entered February 20, 1959 is reversed, on the law, on the facts and in the exercise of discretion, the motion granted as hereinafter indicated, and the cross motion to terminate the examination before trial denied, with costs to respondent-appellant. In this proceeding, pursuant to article 79 of the Civil Practice Act, respondent-appellant counterclaims for rescission of the trust agreement, an accounting and damages for breach of the trust and other relief by reason of fraudulent acts and conduct and the breach of a fiduciary duty on the part of petitioner-respondent. The discovery sought by respondent-appellant is with respect to evidence of the fraudulent acts and conduct. The books and records to be discovered and inspected relate to a partnership of which petitioner-respondent is a member and in which is invested the trust corpus. The provision in the trust deed that the donor respondent-appellant shall not be deemed a partner and shall not be entitled to any account against the partnership is not a bar to relief grounded on fraud and breach of trust which includes the right to discover books and records relating to the merits of the claims of respondent-appellant. The obligation to account of petitioner-respondent is indisputable since it is he who seeks the judicial settlement; respondent-appellant, however, on various grounds seeks to enlarge the obligation to account. There is apparently no issue as to petitioner-respondent's possession and control of the records sought to be discovered and inspected. We do not, therefore, find it necessary at this time to determine the right of the respondent-appellant to an accounting from the partnership or the extent thereof. The books, records, inventory and other items to be discovered and inspected and the time and place thereof should be specifically set forth in the order to be made hereon and memoranda in regard thereto may be submitted by counsel on the settlement thereof which may provide for a physical inventory at the expense of the appellant. Pending the proceeding, the records of the partnership shall be preserved; pending the discovery and inspection, further proceedings before the Referee are stayed. However, on consent of the plaintiff-appellant therein, the trial of the action is stayed pending the trial of the proceeding. On petitioner-respondent's cross motion to terminate the examination before trial, it does not appear that the examination has been completed, therefore the examination shall continue on the date and at the place to be fixed on the settlement of the order herein and from day to day thereafter until completed. This brings us to a consideration of the appeal from the order of March 5, 1959. This order having been vacated, ordinarily we would not consider an appeal therefrom. In the circumstances of this case, however, we reverse the order on the law, on the facts, and in the exercise of discretion, and grant the

motion in the action for a discovery and inspection for the reasons set forth in dealing with the order of February 20, 1959, with costs to plaintiff-appellant. The order of March 5, 1959 did not dispose of the cross motion of the defendant-respondent Leventhal for priority in the trial of certain of the issues in said action, and the cross motion of defendant-respondent Sack to terminate his examination before trial. The learned Special Term thereafter recalled the decision and order of March 5, 1959, vacated said order, reiterated the prior disposition of plaintiff-appellant's motion for a discovery and denied the cross motions without prejudice to like applications before the trial court, and on April 21, 1959 an order was entered accordingly. On this appeal, under the facts and circumstances herein, we are of the opinion that the orders of March 5, 1959 and April 21, 1959 evidence substantially the same determination, and, therefore, the latter order may be reviewed at this time. (Civ. Prac. Act, § 562-a; Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 207–211.) We perceive no legal distinction in this case between the express vacatur of the prior order herein and the implied vacatur of the order consequent on a resettlement thereof insofar as our power to entertain this appeal is concerned under section 562-a of the Civil Practice Act. However, there is no appeal before us at this time by the defendants-respondents Leventhal and Sack from the denial of the cross motions and we do not, therefore, presently address ourselves to the merits thereof. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.